The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR05-0355JCC |
| Plaintiff, | DEFENDANT'S MOTION TO COMPEL FEDERAL RULE OF CRIMINAL PROCEDURE 16 DISCOVERY REGARDING EXPERT WITNESSES |
| vs. | |
| THOMAS TURNER, | |
| Defendant. | **NOTED WITHOUT ORAL ARGUMENT FOR: FEBRUARY 23, 2007** |

## I.    MOTION

Defendant Thomas Turner moves for an order compelling the Government to provide, from potential expert witnesses Mr. Jack Behrens, Mr. Greg Kormanik and any other accountant the Government intends to call in its case in chief, a written summary of opinion testimony, including the witnesses' expert qualifications, opinions, and basis for those opinions. Fed. Rule. Crim. Pro. 16(a)(1)(G). In addition, Turner requests copies of any documents that any one of these witnesses has reviewed in preparation for trial.

## II.    FACTS RELEVANT TO MOTION

On January 24, 2007 undersigned counsel wrote to the Government and requested the following discovery:

DEFENDANT'S MOTION TO COMPEL RULE 16
DISCOVERY REGARDING EXPERT WITNESSES -
1

LAW OFFICES OF
SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
206.623.0291
FAX 206.623.2186

<u>5. Expert Witnesses</u>

F.R.Crim.P. 16(a)(1)(3) provides that Mr. Turner is entitled to a written summary of any expert testimony the government intends to use in its case in chief, including the expert's qualifications, opinions and basis for those opinions. An expert is anyone proffered under Fed. R. Evid. 702, 703 or 704. Because it appears that you will be using Mr. Behrens, Mr. Kormanik, and Ms. Albertson (and perhaps others) as both fact witnesses and as experts, Mr. Turner asks that you comply with the rule as to each. To the extent that you do not do so, we will move to strike any opinion they offer as to Generally Accepted Accounting Principles (GAAP), SEC filing requirements, accuracy and completeness of any financial statement, and their opinion of the "materiality" of any omission of financial information from any financial statement.

Moreover, any Rule 16 protection for any document is waived if you have provided those documents to your experts for review. *United States v. Fort*, – F.3d – (9th Cir. 2007) 2007 WL 39085. Thus, Mr. Turner requests that you provide us with copies of any documents that any expert has reviewed.

See Decl. Of David V. Marshall in Support of Motion to Compel Discovery filed 2/15/07,

[hereinafter Decl. Of Marshall] Ex. A, Letter from Ms. Suzanne Lee Elliott to Mr. William

Stapleton and Mr. Joseph Capone, dated January 24, 2007.

On February 12, 2007, the Government replied as follows:

First, we disagree that evidence of materiality necessitates expert opinion. Second, we believe that Mr. Behrens, Mr. Kormanik and perhaps other government witnesses could properly explain GAAP without testifying as expert witnesses. Should we decide that we will call an expert witness at trial, we will comply with Rule 16(a)(1)(G) no later than 30 days prior to trial.

Decl. Of Marshall, Exhibit B, Letter from Mr. William Stapleton and Mr. Joseph Capone

to Ms. Suzanne Lee Elliott and Mr. David Vance Marshall, February 12, 2007.

In brief, the Government's case is as follows: In the Summer and Fall of 2002,

Metropolitan Mortgage, a publicly traded company, was discussing the sale of two real

estate properties—generally referred to by the parties as "Live Oak" (in San Antonio,

Texas) and "Everett" (in Washington). One goal of the transaction was for Metropolitan

Mortgage to realize an immediate gain (profit) on the sale. The Financial Accounting

LAW OFFICES OF
SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
206.623.0291
FAX 206.623.2186

Standards Board published a Statement of Financial Accounting Standards in 1982, known as FAS 66, which sets forth various methods of accounting for gains on sales of real estate. The SEC, and likely the Government in this case, appear to be relying on a portion of FAS 66, Appendix A, which sets forth suggested minimum down payments for real estate purchases, based on the characteristics of the property involved, if the seller wants to recognize gain on the sale immediately (as distinguished from recognizing gain over time). FAS 66 suggests that a seller using full accrual basis accounting may recognize an immediate gain on the sale of real estate if the buyer makes an initial investment ranging from 5% to 25% of the property sales price.  For instance, FAS 66 recommends that land held for development that will commence within two years of the sale be the subject of a minimum down payment of 20% of the purchase price. In contrast, FAS 66 recommends a 5% minimum down payment for the sale of a single family primary residence.

In the transaction at issue, Metropolitan loaned the Trillium Corporation $17.6 million, secured by certain timber lands. Trillium used a portion of those proceeds to repay their creditor, Dan Sandy, $6 million in outstanding loans to Trillium, in exchange for which Mr. Sandy released his security position in the Trillium timber lands.

By late September, 2002, Dan Sandy had established Jeff Properties, LLC, a limited liability corporation. In the last week of September, 2002, when multiple transactions involving Metropolitan, Trillium and Dan Sandy closed at the same time, Dan Sandy used $5 million of the funds paid to him by Trillium (to obtain his release of security on timber lands in favor of Metropolitan) as a down payment to Metropolitan for purchase of the Live Oak and Everett properties. Metropolitan subsequently reported a $10 million gain on the sale during Metropolitan's 2002 fiscal year.

DEFENDANT'S MOTION TO COMPEL RULE 16
DISCOVERY REGARDING EXPERT WITNESSES -
3

LAW OFFICES OF
SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
206.623.0291
FAX 206.623.2186

Turner, then President of Summit Securities, Inc., a publicly traded entity affiliated with Metropolitan, participated in the negotiations of the sale for the Live Oak and Everett sales transaction. The Government concedes that Turner discussed the proposed sales transaction with the outside auditors from Ernst & Young.

The Government's case rests upon the assertion that Turner failed to reveal facts material to the outside auditor's approval of gain treatment on the Jeff Properties transaction.  The outside auditors, all employed by Ernst & Young, include potential Government witnesses Mr. Jack Behrens, Mr. Greg Kormanik, Ms. Erin Albertson (married name O'Neil), Mr. Ted Anderson, and perhaps others.  The Indictment, presumably based upon the testimony of one or both of these witnesses before the Grand Jury, is peppered with the allegations that, had the outside auditors known of the alleged false or omitted facts, they would not have approved the gain treatment under "certain accounting rules." *See, e.g.*, Dkt. 1, Indictment pages 2-3, 10 and 11.  The Government is obviously referring to FAS 66, referenced above, and mentioned in a variety of documents part of the SEC document collection to which defense counsel have been directed by Government counsel as the source of discovery in this criminal matter.

Throughout the SEC's investigation (which generated deposition transcripts not subject to this Court's protective order), the Ernst & Young witnesses explained repeatedly to the SEC that their conclusion that Turner provided them with materially false or misleading information was based upon their understanding of FAS 66, which the Ernst & Young witnesses state is part of Generally Accepted Accounting Principles (GAAP) required to be followed by publicly traded companies.  As demonstrated in the attached excerpts from the investigative depositions of Mr. Kormanik and Mr. Behrens, both have used their expertise as accountants to opine on the requirements of GAAP, particularly FAS 66 which each consider to be part of GAAP.  Both have opined that Mr. Turner either

LAW OFFICES OF
SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
206.623.0291
FAX 206.623.2186

1  made false statements or omitted to make statements that were material to the gain

2  treatment of the Jeff Properties transaction.  See Declaration of Suzanne Lee Elliott in

3  Support of Motion to Compel, filed 2/15/07 [hereinafter Decl. Of Elliott].

4        For example, Mr. Kormanik stated in his SEC investigative deposition that he was

5  familiar with FAS 66 and that it was used to determine the proper gain treatment in the sale

6  of undeveloped property.  See Decl. of Elliott, Ex. 1.  He also communicated his

7  understanding of FAS 66 to Metropolitan personnel.  He even gave his opinion on what the

8  term "independent" meant under the rule.

9        Mr. Behrens testified similarly in his SEC investigative deposition. See Decl. of

10  Elliott, Ex 2.   Moreover, Mr. Behrens authored the Ernst &Young resignation

11  memorandum submitted to the Metropolitan Board of Directors on January 20, 2004. Decl.

12  of Elliott, Ex 3. That memorandum sets forth his understanding of FAS 66 and he

13  explicitly concludes the Jeff Properties transaction "did not meet the criteria outlined in

14  FAS No. 66 paragraphs 5b and 5d."  In addition to Mr. Behrens' oral expert opinion

15  conclusion which the Government likely will elicit during the criminal trial, it is highly

16  likely the Government will seek to introduce the Ernst & Young resignation memorandum.

### III.    ARGUMENT

17

18        Since 1993, Rule 16 of the Federal Rules of Criminal Procedure has required the

19  parties to provide, inter alia, a summary of its expert "witness's opinion, the bases and

20  reasons for those opinions, and the witness's qualifications." Rule 16(a)(1)(G), and

21  (b)(1)(C). The purpose of the rule is to minimize surprise, to reduce the need for

22  continuances, and to provide the opponent with a fair opportunity to test the merits of the

23  expert's testimony through focused cross-examination. Rule 16 Adv. Comm. Notes, 1993

24  Amendments.

25

DEFENDANT'S MOTION TO COMPEL RULE 16
DISCOVERY REGARDING EXPERT WITNESSES -
5

LAW OFFICES OF
SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
206.623.0291
FAX 206.623.2186

1    Turner requests Rule 16 expert discovery as to Mr. Behrens, Mr. Kormanik and any

2    other witness who will discuss and opine on GAAP, SEC filing requirements, the accuracy

3    and completeness of any financial statement under GAAP, and their opinion of the

4    "materiality" of any omission of information from any statement or document. The

5    Government has declined to make such disclosures on the grounds that no expert testimony

6    is required on the issues of GAAP or on the question of "materiality."

7    The Court should reject this assertion and compel discovery from these witnesses

8    for the following reasons. GAAP is not a set of rigid rules ensuring identical treatment of

9    identical transactions, but rather characterizes the range of reasonable alternatives that

10    management can use. *See Thor Power Tool Co. v. Commissioner*, 439 U.S. 522, 544, 99 S.

11    Ct. 773, 787, 58 L. Ed. 2d 785 (1979); *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015,

12    1021 (5th Cir. 1996).

13    "GAAP [is] an amalgam of statements issued by the [American Institute of

14    Certified Public Accountants] through the successive groups it has established to

15    promulgate accounting principles: the Committee on Accounting Procedure, the

16    Accounting Principles Board, and the Financial Accounting Standards Board [(FASB)] . . .

17    GAAP include[s] broad statements of accounting principles amounting to aspirational

18    norms as well as more specific guidelines and illustrations. The lack of an official

19    compilation allows for some debate over whether particular announcements are

20    encompassed within GAAP." *Bily v. Arthur Young & Co.*, 3 Cal.4th 370, 11 Cal. Rptr.2d

21    51, 56-57, 834 P.2d 745, 750-51 (1992); *see also Providence Hosp. of Toppenish v.*

22    *Shalala*, 52 F.3d 213, 218 n.7 (9th Cir. 1995). As a result, violations of GAAP and related

23    standards are established through expert testimony. *Danis v. USN Communications, Inc.*,

24    121 F.Supp.2d 1183, 1192 (N.D.Ill.,2000); *In re Discovery Zone Securities Litigation*, 943

LAW OFFICES OF
SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
206.623.0291
FAX 206.623.2186

1    F. Supp. 924, 935 (N.D. Ill. 1996) (*rev'd on other grounds*).  By definition then, any

2    witness who opines on or explains GAAP is an "expert."  And in this case expert opinion

3    is required on the issue of whether the Jeff Properties transaction was properly recorded as

4    an immediate gain on Metropolitan's 2002 SEC Form 10-K.

5            In the defendant's view it is impossible for the Government to present relevant

6    evidence from the Ernst & Young witnesses unless they first describe the basis of their

7    expertise with GAAP and then their opinions under GAAP.  As set forth in the Indictment,

8    the Government cannot possibly sustain their burden of proof beyond a reasonable doubt

9    on these charges without the testimony of one or more of these witnesses that the Jeff

10    Properties transaction was improperly recorded as a gain for Metropolitan under GAAP.

11            In fact, as demonstrated by the testimony and documents discussed above, Mr.

12    Behrens and Mr. Kormanik have been questioned by the SEC about their understanding of

13    GAAP, their explanation of GAAP to Turner, and their opinions as to why the alleged

14    ultimate facts of the Jeff Properties transaction could not be recorded as a "gain" under

15    GAAP.  Presumably, the Government will be providing this testimony from these

16    witnesses in the criminal case.

17

18            In addition to the reference to GAAP in the Indictment, it is important to keep in

19    mind that the offense charged is directly or indirectly making a materially false or

20    misleading statement to "*an accountant in connection with the audit, examination,*

21    *preparation, or filing of financial statements.*"  Thus, a statement or omission by Mr.

22    Turner is "material" in the context of a statement to an *accountant* only when that

23    accountant is deciding whether to certify the correctness of a financial statement.  An

24

25

DEFENDANT'S MOTION TO COMPEL RULE 16
DISCOVERY REGARDING EXPERT WITNESSES -
7

LAW OFFICES OF
SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
206.623.0291
FAX 206.623.2186

1  accountant (and certainly the Ernst & Young employees who will be called as witnesses) is

2  by definition an expert.

3        Finally, Rule 16 and Jenck's Act protections for Government materials (that is,

4  protection from disclosure prior to trial) are subject to waiver.  To the extent that the

5  Government has provided otherwise protected materials to these expert witnesses for their

6  review, the applicable protection has been waived and those documents should also be

7  provided to the defense. *See e.g. United States v. Fort*, 472 F.3d 1106, 1121 (9th Cir. 2007).

8

9                    **IV.    CONCLUSION**

10        Turner is entitled to Rule 16 disclosure of expert discovery as to each accountant

11 the Government intends to call as a witness.  This Court should compel such disclosures in

12 accordance with Rule 16(a)(1)(G).

13        RESPECTFULLY SUBMITTED this 15th day of February, 2007.

14

15                    /s/Suzanne Lee Elliott
                      Counsel for Defendant
16                    Law Office of Suzanne Lee Elliott
                      1300 Hoge Building
17                    705 Second Avenue
                      Seattle, Washington 98104
18                    Phone: (206) 623-0291
                      Fax: (206) 623-2186
19                    Email: suzanne-elliott@msn.com

20                    /s/David Vance Marshall
21                    Counsel for Defendant
                      Davis Wright Tremaine, LLP
22                    777 – 108th Avenue NE, Suite 2300
                      Bellevue, Washington 98004-5149
23                    Phone: (425) 646-6137
                      Fax: (425) 646-6199
24                    Email: davidmarshall@dwt.com

25

LAW OFFICES OF
SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
206.623.0291
FAX 206.623.2186

1

2

<u>CERTIFICATION OF SERVICE</u>

I, SUZANNE LEE ELLIOTT, hereby certify that on FEBRUARY 15, 2007, I filed

3

the foregoing pleading in the United States District Court Western District of Washington

4

via the Electronic Case Filing (CM/ECF) system, which will serve a copy via email on

5

6

opposing counsel, UNITED STATES DEPARTMENT OF JUSTICE TRIAL

7

ATTORNEYS WILLIAM STAPLETON AND JOSEPH A. CAPONE.

8

9                              /s/Suzanne Lee Elliott
                               Law Office of Suzanne Lee Elliott
10                             1300 Hoge Building
                               705 Second Avenue
11                             Seattle, Washington 98104
                               Phone: (206) 623-0291
12                             Fax: (206) 623-2186
                               Email: suzanne-elliott@msn.com

13

14

15

16

17

18

19

20

21

22

23

24

25

DEFENDANT'S MOTION TO COMPEL RULE 16
DISCOVERY REGARDING EXPERT WITNESSES -
9

LAW OFFICES OF
SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
206.623.0291
FAX 206.623.2186