Judge Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THOMAS G. TURNER,<br><br>　　　　　Defendant. | NO.   CR 05-355 JCC<br><br>UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY REGARDING EXPERT WITNESSES |

　　　Defendant Turner moved the court to compel the United States to provide expert witness discovery pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G).  The United States is fully aware of its expert witness discovery obligations and intends to fully comply with those obligations.  However, at this time, the United States does not plan to offer expert witness opinion testimony in the trial of this case.  The United States suggests that the defense motion to compel is not based on the government's refusal to comply with its discovery obligations, but rather on the defense's disagreement with the government's view that certain evidence does not require expert opinion testimony.  In the event the United States decides to offer expert witness opinion testimony, all expert witness discovery mandated by Rule 16 will be produced to the defense no later than 45 days prior to trial.  The United States requests that the court deny the motion as moot.

UNITED STATES V. THOMAS G. TURNER
CR05-355JCC - 1

UNITED STATES ATTORNEY
700 STEWART ST. , STE . 5220
SEATTLE, WASHINGTON 98101-1271
(20 6) 553-7970

**A.    The Rules Governing Expert Witness Testimony**

Federal Rule of Evidence 702 governs the admissibility of expert testimony at trial. The Rule provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Federal Rule of Criminal Procedure 16(a)(1)(G) governs expert witness discovery: "At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. . . .  The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."  The United States fully intends to comply with this rule if the decision is made to offer expert opinion testimony at trial in the government's case-in-chief.

**B.    Ernst & Young Witnesses**

Defendant Turner appears to be basing his request for expert witness discovery on the assumption that certain Ernst & Young accountants will testify in the instant criminal case as they testified in their SEC civil investigatory depositions, such as offering various opinions on Generally Accepted Accounting Principles (GAAP).  See Motion to Compel at 4-5, 7.  That is not an accurate assumption.  The issues in dispute in the SEC case are much broader than the issues involved in this criminal case.  Moreover, the SEC investigatory depositions in particular are just that – investigatory – and thus consist of testimony significantly beyond what those witnesses may testify to in this criminal case.

First and foremost, the Ernst & Young accountants will be fact witnesses in the case at bar.  They will testify to the questions they asked Turner, the answers he gave, and the answers he did not give, in response to their questions.  See Indictment at paragraphs 16, 19, 22, 25, 28, 31, and 34; United States Response in Opposition to Defendant's

UNITED STATES V. THOMAS G. TURNER
CR05-355JCC - 2

UNITED STATES ATTORNEY
700 STEWART ST. , STE . 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

Motion to Dismiss Counts 2, 5, 6 and 7 of the Indictment, at Section A. None of that fact testimony requires expert opinions.

Second, the Ernst & Young accountants will testify as to why their questions, and Turner's answers and omissions, were important to the audit work they were performing. Such testimony helps establish materiality, an element of the charged crimes. See, e.g., Ninth Circuit Criminal Pattern Instruction 9.7 Securities Fraud ("First, the defendant . . . made an untrue statement of a material fact [and] failed to disclose a material fact which resulted in making the defendant's statements misleading . . . . To defraud someone means to make a statement or representation which is untrue and known to the defendant to be untrue or knowingly to fail to state something which is necessary to make other statements true, and *which relates to something important . . . .*") (emphasis added). The accountants can explain why their questions and Turner's answers and omission "relate[d] to something important" to their work without offering expert opinions on accounting rules.

This case should not, and apparently will not,[1] involve a "battle of the experts" over the application of Generally Accepted Accounting Principles (GAAP). The charges against defendant Turner consist of materially false statements and omissions about facts that Turner is alleged to have known concerning the Jeff Properties transaction, but intentionally lied about and failed to disclose to Ernst & Young. As the Indictment alleges, Turner understood the importance of those facts to the accountants because earlier proposals for a joint venture structure had been rejected by the accountants for immediate gain treatment. See, e.g., Indictment at paragraph 5 ("Based on the proposed joint venture as represented by Turner . . . the accountants advised that Met would not be able to record an immediate profit because the proposed joint venture failed to satisfy certain accounting rules . . . ."); Indictment at paragraph 6 ("Subsequently, Turner . . . telephoned Met's outside accountants several times with modified versions of the

---

[1] Defendant Turner has not provided the United States with any expert witness discovery in response to the United States' several requests for such material, and therefore, must not be planning on calling an expert witness.

UNITED STATES V. THOMAS G. TURNER
CR05-355JCC - 3

UNITED STATES ATTORNEY
700 STEWART ST., STE. 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

originally proposed joint venture . . . .  Each time, Met's accountants advised that the modified joint venture proposals failed to satisfy the accounting rules for recording an immediate profit.  Met's outside accountants informed Turner . . . that a significant reason the proposals failed to meet the requirements of the applicable accounting rules was that the purchaser of Met's property was T [Trillium] Corporation, which, in turn, was not acting as an independent third-party purchaser . . . .").  To appreciate the materiality of his misrepresented and withheld facts, defendant Turner need only have understood that certain aspects of his joint venture proposals (and later Jeff Properties transaction structure) would lead the accountants to not approve the transaction for immediate gain treatment.

In order to convict defendant Turner, the United States does not have to prove that the joint venture proposals in fact violated GAAP, or that the Jeff Properties transaction in fact violated GAAP.  The United States only has to prove (1) that Turner knew certain facts about the true structure of the Jeff Properties transaction and lied about those facts, or mislead the accountants about those facts, or failed to disclose those facts, and (2) that those facts would have been important for the accountants to know.  See Ninth Circuit Criminal Pattern Instruction 9.7 Securities Fraud; United States v. Ebbers, 458 F.3d 110, 125-26 (2nd Cir. 2006) ("However, even where improper accounting is alleged, the statute requires proof only of intentionally misleading statements that are material . . . .  If the government proves that a defendant was responsible for financial reports that intentionally and materially misled investors, the statute is satisfied.  The government is not required in addition to prevail in a battle of expert witnesses over the application of individual GAAP rules."), Petition for Certiorari Filed, 75 USLW 3248 (Oct 26, 2006) (NO. 06-590).

Defendant Turner asks the court to "compel discovery from these witnesses [Ernst & Young accountants Behrens, Kormanik]" and "any other witness who will discuss and opine on GAAP, SEC filing requirements, the accuracy and completeness of any financial statement under GAAP, and their opinion of the 'materiality' of any omission of

UNITED STATES V. THOMAS G. TURNER
CR05-355JCC - 4

UNITED STATES ATTORNEY
700 STEWART ST. , STE . 5220
SEATTLE, WASHINGTON 98101-1271
(20 6) 553-7970

1 information from any statement or document." Motion to Compel at 6. Practically
2 speaking, to grant Turner's request would require the court to order the United States to
3 create something which does not currently exist – "a written summary of any testimony
4 that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of
5 Evidence during its case-in-chief at trial. . . .  describ[ing] the witness's opinions, the
6 bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P.
7 16(a)(1)(G). To the extent Turner wants to know what the Ernst & Young accountants
8 think about GAAP as applied to the facts of the Jeff Properties transaction, he already has
9 that information through the SEC investigatory depositions, and will soon get more of it
10 through the civil depositions of these same witnesses.

**C.     Conclusion**

In the event the United States decides to offer expert witness opinion testimony, all expert witness discovery mandated by Rule 16 will be produced to the defense no later than 45 days prior to trial. The United States requests that the court deny the motion as moot.

DATED this 23rd day of February, 2007.

Respectfully submitted,

JEFFREY C. SULLIVAN
UNITED STATES ATTORNEY

 s/ William H. Stapleton, Jr
William H. Stapleton, Jr.
Assistant Chief
Criminal Division, Fraud Section
U.S. Department of Justice
1400 New York Ave, N.W.
Washington, D.C. 20530
Phone: (202) 616-0436
Fax (202) 514-7021
Email: bill.stapleton2@usdoj.gov


 s/ Joseph A. Capone
Joseph A. Capone
Trial Attorney

UNITED STATES V. THOMAS G. TURNER
CR05-355JCC - 5

UNITED STATES ATTORNEY
700 STEWART ST. , STE . 5220
SEATTLE, WASHINGTON 98101-1271
(20 6) 553-7970

| | |
|---|---|
| 1 | Criminal Division, Fraud Section |
| 2 | U.S. Department of Justice |
|   | 1400 New York Avenue N.W. |
|   | Washington, D.C. 20530 |
| 3 | Phone: (202) 353-3462 |
|   | Fax (202) 514-0152 |
| 4 | Email:  joe.capone@usdoj.gov |

UNITED STATES V. THOMAS G. TURNER
CR05-355JCC - 6

UNITED STATES ATTORNEY
700 STEWART ST., STE. 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

**CERTIFICATE OF SERVICE**

I, Joseph A. Capone, hereby certify that on February 23, 2007, the foregoing pleading was filed in the United States District Court for the Western District of Washington via the Electronic Case Filing (CM/ECF) System, which will serve a copy via e-mail on opposing counsel, Suzanne Lee Elliott and David Vance Marshall.

      s/ Joseph A. Capone
Joseph A. Capone
Trial Attorney
Criminal Division, Fraud Section

UNITED STATES V. THOMAS G. TURNER
CR05-355JCC - 7

UNITED STATES ATTORNEY
700 STEWART ST., STE. 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970